**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| IN RE:<br><br>ACM FATZ VII, LLC,<br><br>   Debtor.<br>―――――――――――――――――――<br><br>RODDRICK B. NEWHOUSE,<br>As Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>FALCON HOLDINGS MANAGEMENT, L.L.C.,<br><br>    Defendant. | Bky No. 23-42511-elm7<br><br><br><br><br>**Adversary No. 25-04103-elm**<br><br><br>**ANSWER AND
AFFIRMATIVE DEFENSES OF
FALCON HOLDINGS
MANAGEMENT, L.L.C.** |

Falcon Holdings Management L.L.C. ("<u>FHM</u>"), by and through its undersigned counsel, as and for its answer to the Adversary Complaint ("Complaint") of Roddrick B. Newhouse, as Chapter 7 Trustee ("<u>Trustee</u>" or "<u>Plaintiff</u>") for the bankruptcy estate of ACM FATZ VII, LLC ("<u>Debtor</u>"), states and alleges the following:

Except as specifically admitted or qualified herein, FHM denies each and every allegation, statement, and thing set forth in the Complaint.

<u>**ANSWER**</u>

1.  FHM admits the allegations contained in paragraph 1 of the Complaint.

2.  Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, FHM does not dispute that the Court has jurisdiction over this matter.

3.      Paragraph 3 of the Complaint contains a legal conclusion to which no response is required. FHM affirmatively states that it consents to entry of final orders or judgments by this Court.

4.      Paragraph 4 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, FHM does not dispute that this District is the proper venue.

5.      FHM admits the allegations contained in paragraph 5 of the Complaint.

6.      FHM admits the allegations contained in paragraph 6 (a-b) of the Complaint.

7.      FHM admits the allegations contained in paragraph 7 of the Complaint.

8.      FHM denies the allegations contained in paragraph 8 of the Complaint.

9.      FHM admits the allegations contained in paragraph 9 of the Complaint.

10.      FHM admits the allegations contained in paragraph 10 of the Complaint.

11.      FHM admits the allegations contained in paragraph 11 of the Complaint.

12.      In response to paragraph 12 of the Complaint, FHM reasserts and realleges the preceding paragraphs of its answer as if fully set forth herein.

13.      In response to the allegations contained in paragraph 13 (a) through (e) of the Complaint, FHM denies that the Transfers constitute preferential transfers avoidable pursuant to section 547(b), admits that the Transfers were made to FHM which is an insider of the Debtor, admits that the Transfers were made on account of an antecedent debt that the Debtor owed to FHM, lacks knowledge or information sufficient to form a conclusion as to the Debtor's solvency at the time of the Transfers and therefore denies the allegations in paragraph 13(c) and puts the Trustee to strict proof thereof, admits the Transfers were made within one year before the Petition Date, and states that it lacks knowledge or information sufficient to form a conclusion as to the allegations in paragraph 13(e) and therefore denies the same and puts the Trustee to strict proof thereof.

14.     FHM denies the allegations contained in paragraph 14 of the Complaint and  puts the Trustee to strict proof thereof.

15.     In response to the allegations contained in paragraph 15 of the Complaint, FHM denies that the Trustee is entitled to avoid the Transfers as preferential transfers pursuant to 11 U.S.C. § 547.

16.     In response to paragraph 16 of the Complaint, FHM reasserts and realleges the preceding paragraphs of its answer as if fully set forth herein.

17.     In response to the allegations contained in paragraphs 17 (a) through (e) of the Complaint, FHM denies that the Transfers are avoidable as fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code, denies the allegations contained in subparagraphs 17(a) and 17(e), and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 17(b), 17(c), and 17(d) and therefore denies the same and puts the Trustee to strict proof thereof.

18.     FHM denies the allegation contained in in paragraph 18 of the Complaint and puts the Trustee to strict proof thereof.

19.     FHM denies the allegations contained in paragraph 19 of the Complaint and puts the Trustee to strict proof thereof.

20.     In response to paragraph 20 of the Complaint, FHM reasserts and realleges the preceding paragraphs of its answer as if fully set forth herein.

21.     In response to the allegations contained in paragraph 21 of the Complaint, FHM admits only that it was the initial or the immediate or mediate transferee of the Transfers, and denies all remaining allegations of paragraph 21 of the Complaint.

**AFFIRMATIVE DEFENSES**

As and for its affirmative defenses to the claims set forth in the Trustee's Complaint, FHM states and alleges the following:

1.      The Trustee's claims fail to state a claim upon which relief may be granted.

2.      The Transfers were a partial repayment of an antecedent debt owed to FHM.

3.      The Transfers were intended by the Debtor and FHM to be contemporaneous exchanges for new value, and were in fact contemporaneous.

4.      The Transfers were partial repayment of a debt owed by the Debtor to FHM, which debt was incurred in the ordinary course of business or financial affairs of the Debtor and FHM.

5.      After the alleged Transfers, FHM gave new value to the Debtor that was not secured by an otherwise unavoidable security interest, and on account of which new value the Debtor did not make an otherwise unavoidable transfer to FHM. Such new value was given on August 24, 2023, in the amount of $107,000.00, and on August 24, 2023, in the amount of $228,000.00.  This information was available to Plaintiff before the Complaint was served and filed. As such, Plaintiff did not conduct the reasonable due diligence as is required by section 547(b) of the Bankruptcy Code.

6.      FHM provided reasonably equivalent value to the Debtor in exchange for the Transfers.

7.      The Debtor was not insolvent at the time of the alleged transfers to FHM.

8.      At the time of the alleged transfers to FHM, the Debtor was not engaged or about to engage in a business or transaction for which its remaining assets were unreasonably small in relation to such business or transaction.

9.      At the time of the alleged transfers to FHM, the Debtor did not intend to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

10.     At all times FHM acted in good faith in its dealings and transactions with the Debtor.

11.     FHM reserves the right to assert any additional affirmative defenses that it may become aware of prior to the trial of this matter.

WHEREFORE, FHM prays for an Order of this Court:

a.      Dismissing the Plaintiff's Complaint with prejudice

b.      Awarding FHM its costs and disbursements incurred in this action; and

c.      Awarding such other and further relief as this Court deems just and equitable.

Dated: September 23, 2025

Bruce J. Zabarauskas
State Bar No. 24095654
bruce.zabarauskas@hklaw.com
Alexander T. Dimock
State Bar No. 24094628
alex.dimock@hklaw.com
**HOLLAND & KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: (214) 964-9500
Facsimile: (214) 999-1557

and

Cynthia Hegarty (*Admission pending*)
**WINTHROP & WEINSTINE, P.A.**
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402
Telephone: (612) 604-6400
Facsimile:  (612) 604-6800
chegarty@winthrop.com

Attorneys for Falcon Holdings Management, L.L.C.

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, certify under penalty of perjury that on September 23, 2025, or as soon as possible thereafter, copies of the foregoing was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and that in addition service by mailing a true and correct copy, first class mail, postage prepaid, was made to the following persons/entities who are not ECF registered users:  None.

**HOLLAND & KNIGHT LLP**


By:    /s/ Bruce J. Zabarauskas
Counsel for Falcon Holdings Management, L.L.C.

40598879v3